UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23529-Civ-WILLIAMS/TORRES

K&L EXPORTS, INC.,

    Plaintiff,

v.

CORPORACION VENEZOLANA DE
COMERCIO EXTERIOR, S.A., a/k/a
CORPOVEX, a Wholly Owned Subsidiary
and Adj. Agent of the Bolivarian Republic
of Venezuela, a Foreign Sovereign,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT DAMAGES**

This matter is before the Court on K&L Exports, Inc.'s supplemental motion for damages against Corporacion Venezolana de Comercio Exterior, S.A. [D.E. 29].[1] Defendant did not file a response and the time to do so has since passed. Having reviewed the motion and being otherwise fully advised in the premises, the Court recommends that the motion for damages be **GRANTED**.

---

[1] On April 18, 2022, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 30].

## I.   BACKGROUND

Plaintiff filed its original complaint, alleging two counts for breach of contract, and thereafter served it on Defendant.  When Defendant failed to respond to the lawsuit in a timely fashion, Plaintiff moved the clerk for an entry of default and that motion was promptly granted.  Plaintiff then filed a motion for a final default judgment against Defendant, however, this Court declined to grant that motion because the complaint failed to include a necessary jurisdictional allegation. Plaintiff fixed this technical deficiency in its amended complaint and again moved this Court to enter a default judgment against Defendant.

But again, this Court expressed concern regarding the propriety of exercising subject matter jurisdiction over this case because Defendant is a wholly owned subsidiary of the Bolivarian Republic of Venezuela.  Accordingly, this Court found Plaintiff's argument in favor of jurisdiction unpersuasive and recommended that Plaintiff's motion be denied on that basis.  Plaintiff timely filed an objection to this Court's ruling and therein expanded its subject matter jurisdiction argument. Because Judge Williams found that Plaintiff's jurisdictional elaboration raised "new matters," she returned Plaintiff's objection, along with its underlying motion for default judgment, back to the undersigned for reconsideration.

Upon considering these new arguments, the Court was persuaded that it had subject matter jurisdiction and therefore recommended that Plaintiff's motion be granted insofar as liability for breach of contract was concerned.  Plaintiff's damages allegations, however, were insufficient to grant relief.  Accordingly, the Court recommended that Plaintiff be given the opportunity to supplement the record with

a coherent and substantiated damages claim. Judge Williams adopted these recommendations, and Plaintiff subsequently supplemented the record with a straightforward damages calculation.

## *II. APPLICABLE PRINCIPLES AND LAW*

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should take place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III. ANALYSIS

The Court finds that damages should be awarded in this case because the record now adequately reflects a basis for the award. Plaintiff has submitted detailed affidavits that support its calculation of the damages associated with Defendant's breach of the two contracts at issue in this case.

The only modification that the Court makes to the figures submitted by Plaintiff is the amount of prejudgment interest due because Plaintiff's prejudgment interest calculation is based on the date that it filed its supplemental motion (i.e., April 15, 2022), not the date of judgment. Accordingly, the Court has updated these prejudgment interest figures to reflect the amount of interest due as of the date of this report and recommendation.

The damages due to Plaintiff are recited below:

(a) **$989,681.70**, which is the purchase price of the contracts (i.e., $1,134,229.60) less $144,547.90 received as a partial refund for the return of the goods to the manufacturer; plus

(b) **$1,948,837.37**, which is the value of the advance deposit that Plaintiff paid to Defendant as a condition precedent to the contracts; plus

(c) **$90,738.36**, which is the late payment penalty provided by ¶ 5.2 of the contracts; plus

(d) **$3,830,981.00**, which is the sum of the storage fees incurred by Plaintiff as a result of Defendant's failure to perform under the contracts; plus

(e) **$314,220.00**, which is the sum of the freight costs incurred by Plaintiff for the return of the goods to the manufacturer; plus

(f) **$983,783.42**, which is the sum of prejudgment interest accrued at Florida's statutory rate on the sum of damage items (a), (b), and (c) since December 7, 2016 (i.e., the date that Defendant repudiated the contracts) through today; plus

(g) **$1,154,315.87**, which is the sum of prejudgment interest accrued at Florida's statutory rate on damage item (d) since June 1, 2017 (i.e., the date of the last storage receipt) through today; plus

(h) **$93,162.12**, which is the sum of prejudgment interest accrued on damage item (e) since July 10, 2017 (i.e., the date of the return freight invoices) through today.

Therefore, as of the date of this report and recommendation, Plaintiff is due a total of **$9,405,719.78** in damages caused by Defendant's breach of the two contracts at issue in this case.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's supplemental motion for damages should be **GRANTED,** Judgment should be entered in Plaintiff's favor and against Defendant in the amount of $9,405,719.78, and the case should be **CLOSED.**

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g.,* *Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of November, 2022.

/s/ *Edwin G. Torres*
United States Magistrate Judge

---

2  Exhibit 9 to Plaintiff's supplemental motion for damages, [D.E. 29-9], contains a table of statutory interest calculations.  In modifying these calculations, the only variable changed by the Court is the number of prejudgment days elapsed since January 1, 2022.  Accordingly, the "104" figure reflecting the value of elapsed prejudgment days has been updated to reflect "318" elapsed days in 2022.